# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PAIGE GAGLIANO,**

                Plaintiff,

      v.                                        Case No. 14-CV-1512

**STATE COLLECTION SERVICE, INC.,**

                Defendant.

## FINAL PRETRIAL ORDER

On January 15, 2016, the court conducted a final pretrial conference in this matter. Appearing in person for plaintiff Paige Gagliano were attorneys Nathan E. DeLadurantey and Heidi N. Miller, and appearing in person for defendant State Collection Service, Inc. was attorney David M. McDorman. A jury trial is scheduled to commence on **January 26, 2016 at 8:30 AM** in Courtroom 284 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin.

Based upon the court's consideration of the parties' pretrial reports and the statements of counsel, for the reasons more fully stated on the record, the court enters the following Order, which shall govern the trial in this matter:

1. An eight person jury shall be selected. Its verdict shall be unanimous.

2. The court will voir dire the entire jury pool. Following voir dire, the court will entertain motions to strike for cause. From the first 14 remaining prospective jurors the parties will each exercise three peremptory strikes per side to arrive at a final eight person jury.

3. The jurors will not be permitted to ask questions of witnesses.

4. The jurors will be permitted to take notes.

5. All exhibits received in evidence will be sent to the jury room during jury deliberation unless a specific objection to the exhibit or portion thereof is raised by a party following the conclusion of the trial. The jury will receive a copy of the jury instructions, and each juror will receive a copy of the special verdict for their deliberations.

6. If a party wishes to publish an exhibit to the jury, the party must utilize demonstrative means to make that exhibit visible to all jurors simultaneously and/or provide each juror with a paper copy of the exhibit.

7. The parties are responsible for supplying any electronic equipment necessary to facilitate the presentation of their case. This includes, if necessary, providing electronic equipment necessary for the jury to play audio recordings during deliberations. Parties wishing to deliver or set up equipment in the courtroom in advance of trial may do so on the afternoon of Monday, January 25, 2016. Parties should contact the court's deputy clerk at 414-297-1831 to schedule a time.

8. Each party is responsible for ensuring the appearance of any witness the party intends to call to testify.

9. Only a single attorney for each party shall examine or cross-examine any individual witness.

10. Only if absolutely necessary are parties to ask for a side-bar conference if the jury is present. Ordinarily, if additional argument or explanation is necessary regarding an objection, the objection should be raised and the party should request to be heard at the next break.

11. Trial days shall begin at 8:30 A.M., with a break in the morning, roughly one hour for lunch, an afternoon break, and court will adjourn for the day at 5:00 P.M.

12. The parties shall compile a single joint exhibit list, eliminating duplicate exhibits.

13. The parties shall compile one or more binders containing their collective exhibits. In addition to sets for counsel, not later than 4:30 PM, January 25, 2016, the parties shall deliver to the court one set of the exhibits for the court and one set for the witness. The exhibits for the witness will be considered the official exhibits and shall be sent to the jury.

14. With respect to the plaintiff's motions in limine (ECF No. 32):

    a. Regarding the fact that the plaintiff did not pay the debt, the motion in limine is denied.

b. Regarding evidence of attorney's fees, the motion is granted.

c. Regarding other judgments against the plaintiff, the defendant shall respond to this motion in writing not later than noon on January 19, 2016. The plaintiff may reply not later than noon on January 20, 2016.

d. Regarding apologies, the motion is granted as unopposed.

e. Regarding the plaintiff's motives, the motion is denied without prejudice.

f. Regarding other debts paid at closing, the defendant shall respond to this motion in writing not later than noon on January 19, 2016. The plaintiff may reply not later than noon on January 20, 2016.

g. Regarding the plaintiff's knowledge that a debt may be re-inserted on her credit report, the motion is denied without prejudice.

h. Regarding evidence of the plaintiff's stress, the motion is denied.

i. Regarding introduction of documents not produced, the motion is denied without prejudice.

j. Regarding the admission of bona fide error defense in opening statement, the motion is denied.

15. With respect to the defendant's motions in limine (ECF No. 29):

a. The motion regarding reference to the plaintiff's suicidal tendencies, the motion is denied.

b. Regarding the plaintiff's claim for actual damages, the motion is denied.

4

c. Regarding the plaintiff's alleged vulnerability or fragility, the motion is denied.

d. Regarding the plaintiff's claim for punitive damages, the motion is denied without prejudice.

e. Regarding the witnesses Summit Credit Union and Credit Matters, the plaintiff shall respond to this motion in writing not later than noon on January 19, 2016. The defendant may reply not later than noon on January 20, 2016.

f. Regarding the plaintiff testifying that she had to pay a higher rate of damages, the motion is denied.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 15th day of January, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge