# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

PAIGE GAGLIANO,

     **Plaintiff,**

  **v.**          **Case No. 14-CV-1512**

STATE COLLECTION SERVICE, INC.,

     **Defendant.**

## ORDER

A jury trial in this matter is scheduled to commence before this court on January 26, 2016. Defendant State Collection Service filed various motions in limine (ECF No. 29), all but one of which the court resolved in its final pretrial order (ECF No. 34, ¶ 15). Left unresolved was State Collection Service's motion to bar Summit Credit Union and Credit Matters from testifying. (ECF No. 29 at 1, ¶ 5.) The court ordered plaintiff Paige Gagliano to respond to this unresolved motion on January 19, 2016. She did so, stating that she was no longer seeks to call Summit Credit Union and Credit Matters as witnesses. (ECF No. 35.) Consequently, State Collection Service's motion to preclude Gagliano from calling Summit Credit Union and Credit Matters as witnesses (ECF No. 29 at 13-15) is **granted as unopposed**.

Gagliano also filed various motions in limine (ECF No. 32), many of which the court resolved in its final pretrial order (ECF No. 34, ¶ 14). Two of Gagliano's motions required additional briefing. State Collection Service responded in opposition and Gagliano replied. These motions are now ready for resolution.

Gagliano asks the court to bar State Collection Service from introducing evidence that she was subject to other judgments at the relevant time. She also asks the court to bar State Collection Service from introducing evidence that when she closed on her mortgage she paid off other debts but not her debt to State Collection Service. As set forth below, these motions are **denied**.

Due to the notice filed by Gagliano yesterday, there is no longer any claim that she was damaged by being subject to a higher interest rate than she otherwise could have obtained but for the inclusion of the State Collection Service debt on her credit report. (ECF No. 35.) Thus, a significant reason why State Collection Service argued these facts were relevant is now moot. However, that does not mean that the closing on her mortgage has no relevance at trial. From the facts proffered to the court, Gagliano claims that she suffered damages in the form of emotional distress as a result of the complication that the State Collection Service debt posed for her in obtaining a mortgage. In assessing the nature and extent of any damages that Gagliano suffered, it is relevant whether State Collection Service's debt was the only obstacle to her obtaining

a mortgage or if there were other impediments that might have contributed to the stress she experienced.

Also, to the extent that there is evidence that Gagliano attempted to evade responsibility for past debts vis-à-vis her application for a mortgage, it is relevant to her credibility, which, given that her damages appear to be based largely on her own testimony of stress she experienced, will be central to the jury's assessment of damages. Whether the relevant affidavit stands for the proposition that State Collection Service alleges is a matter for the jury.

The absence of the judgments on the credit report listed on an exhibit in this case does not negate the relevance of this evidence or render it inadmissible. State Collection Service is free to cross-examine Gagliano as to any impediments that she understood existed to obtaining the relevant mortgage. That does not require expert knowledge of the law regarding the enforceability of judgments but is squarely within the purview of the plaintiff, e.g., what did the lender tell her was necessary for her to obtain a loan?

As to the fact that Gagliano paid certain debts but not the debt she owed to State Collection Service, such evidence is probative of the fact that those debts were impeding her ability to obtain a mortgage. That, in turn, is relevant in an assessment of the nature and extent of any emotional distress she suffered. However, as State Collection Service appears to concede (*see* ECF No. 36 at 4), it would be impermissible for it to use this evidence to impugn Gagliano's character, suggesting that she is a deadbeat who

willfully shirks her financial obligations, paying some and skipping out on others. That suggestion is not directly relevant to the issues before the jury and any probative value is substantially outweighed by the risk of unfair prejudice.

Nonetheless, the jury is entitled to learn that Gagliano never paid the debt she owed to State Collection Service. Absent evidence that Gagliano never paid the debt, the jury would be left to wonder why the debt was removed from her credit report and if she was damaged by having to pay the debt more quickly than she believed she had agreed to. Thus, the jury may well learn both that she never paid State Collection Service and that she paid other creditors. However, counsel for State Collection Service is advised he must be careful in presenting this evidence to the jury and in closing argument so as not to use it to impugn Gagliano's character.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 20th day of January, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge